**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE WILSON,<br><br>      Petitioner,<br><br>  v.<br><br><br>DANIEL PARAMO, Warden,<br><br>      Respondent. | Case No. 1:14-cv-00070-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR PETITIONER'S FAILURE TO PROSECUTE AND FOLLOW AN ORDER OF THE COURT (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on December 20, 2013, and transferred to this Court on January 27, 2014.

On January 17, 2014, new case documents, including an order directing the Petitioner to notify the Court within thirty days of whether or not he consented to Magistrate Judge jurisdiction, were

1   served by mail on Petitioner.  On January 27, 2014, the documents

2   were returned as undeliverable.

3        I.  Dismissal of the Petition

4        Pursuant to Local Rule 183(b), a party appearing in propria

5   persona is required to keep the Court apprised of his or her current

6   address at all times.  Local Rule 183(b) provides, in pertinent

7   part:

8        (b) Address Changes.  A party appearing in propria persona
              shall keep the Court and opposing parties advised
9             as to his or her current address.  If mail directed
              to a plaintiff in propria persona by the Clerk is
10            returned by the U.S. Postal Service, and if
              such a plaintiff fails to notify the Court and
11            opposing parties within sixty-three (63) days
              thereafter of a current address, the Court may
12            dismiss the action without prejudice for failure
              to prosecute.
13

14  Further, Local Rule 110 provides:

15       Failure of counsel or of a party to comply with these
         Rules or with any order of the Court may be grounds
16       for imposition by the Court of any and all sanctions
         authorized by statute or Rule or within the inherent
17       power of the Court.

18

19  District courts have the inherent power to control their dockets and

20  "in the exercise of that power, they may impose sanctions including,

21  where appropriate... dismissal of a case."  Thompson v. Housing

22  Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an

23  action, with prejudice, based on a party's failure to prosecute an

24  action, failure to obey a court order, or failure to comply with

25  local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

26  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

27  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

28  failure to comply with an order requiring amendment of complaint);

1  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for

2  failure to comply with local rule requiring pro se plaintiffs to

3  keep court apprised of address); Malone v. U.S. Postal Service, 833

4  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with

5  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

6  1986) (dismissal for lack of prosecution and failure to comply with

7  local rules).  Here, more than sixty-three (63) days have passed

8  since Petitioner's mail was first returned, and he has not notified

9  the Court of a current address.

10      In determining whether to dismiss an action for lack of

11  prosecution, failure to obey a court order, or failure to comply

12  with local rules, the Court must consider several factors: (1) the

13  public's interest in expeditious resolution of litigation; (2) the

14  Court's need to manage its docket; (3) the risk of prejudice to the

15  respondents; (4) the public policy favoring disposition of cases on

16  their merits; and (5) the availability of less drastic alternatives.

17  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,

18  833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at

19  53.

20      Here, the petition has been pending for a lengthy period; thus,

21  the Court finds that the public's interest in expeditiously

22  resolving this litigation and the Court's interest in managing the

23  docket weigh in favor of dismissal.  The third factor, risk of

24  prejudice to respondents, also weighs in favor of dismissal, since a

25  presumption of injury arises from the occurrence of unreasonable

26  delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,

27  524 (9th Cir. 1976).  The fourth factor -- public policy favoring

28  disposition of cases on their merits -- is greatly outweighed by the

1  factors in favor of dismissal discussed herein.  Finally, the Court
2  has reviewed the "consideration of alternatives" requirement.  See,
3  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;
4  Henderson, 779 F.2d at 1424.  The Court's order dated January 17,
5  2014, and served by mail on Petitioner on the same date, expressly
6  informed Petitioner that each party appearing in propria persona was
7  under a continuing duty to notify the Clerk and all other parties of
8  any change of address by filing a separate notice; absent such
9  notice, service at a prior address should be fully effective.  (Doc.
10 5, 2.)  Because Petitioner has failed to inform the Court of his new
11 address, the Court cannot communicate with him or explore any
12 alternatives short of dismissal of the case.
13     The Court concludes that dismissal is appropriate.
14     II.   Certificate of Appealability
15     Unless a circuit justice or judge issues a certificate of
16 appealability, an appeal may not be taken to the Court of Appeals
17 from the final order in a habeas proceeding in which the detention
18 complained of arises out of process issued by a state court.  28
19 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336
20 (2003).  A district court must issue or deny a certificate of
21 appealability when it enters a final order adverse to the applicant.
22 Rule 11(a) of the Rules Governing Section 2254 Cases.
23     A certificate of appealability may issue only if the applicant
24 makes a substantial showing of the denial of a constitutional right.
25 § 2253(c)(2).  Under this standard, a petitioner must show that
26 reasonable jurists could debate whether the petition should have
27 been resolved in a different manner or that the issues presented
28 were adequate to deserve encouragement to proceed further.  Miller-

4

1  El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

2  473, 484 (2000)).  A certificate should issue if the Petitioner

3  shows that jurists of reason would find it debatable whether: (1)

4  the petition states a valid claim of the denial of a constitutional

5  right, and (2) the district court was correct in any procedural

6  ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

7       In determining this issue, a court conducts an overview of the

8  claims in the habeas petition, generally assesses their merits, and

9  determines whether the resolution was debatable among jurists of

10 reason or wrong.  Id.  An applicant must show more than an absence

11 of frivolity or the existence of mere good faith; however, the

12 applicant need not show that the appeal will succeed.  Miller-El v.

13 Cockrell, 537 U.S. at 338.

14      Here, it does not appear that reasonable jurists could debate

15 whether the petition should have been resolved in a different

16 manner.  Petitioner has not made a substantial showing of the denial

17 of a constitutional right.  Accordingly, the Court should decline to

18 issue a certificate of appealability.

19      III.  Recommendations

20      Based on the foregoing, it is RECOMMENDED that:

21      1)  The petition be DISMISSED without prejudice for

22 Petitioner's failure to follow the order of the Court and failure to

23 prosecute the action;

24      2)  The Court DECLINE to issue a certificate of appealability;

25 and

26      3)  The Clerk be DIRECTED to close the action because an order

27 of dismissal would terminate the proceeding in its entirety.

28 ///

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **April 17, 2014**                           **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE